**In re Leslie J. MOON, Debtor.**

**Eric R.T. Roost, Trustee, Plaintiff,**

**v.**

**Toyota Motor Credit Corporation, Defendant.**

**Bankruptcy No. 699–60930–AER7. Adversary No. 00–6010–AER.**

United States Bankruptcy Court, D. Oregon.

May 4, 2001.

---

Eric R.T. Roost, Eugene, OR, for plaintiff.

Russell D. Garrett, Bullivan Houser Bailey, Vancouver, WA, for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Chief Judge.

This is an adversary proceeding brought by the trustee, as Plaintiff, to avoid the transfer of a security interest in a 1995 Toyota (the vehicle) to Defendant as preferential and to avoid post-petition payments made by the debtor, Leslie J. Moon (Debtor) to Defendant concerning the vehicle.

The parties have submitted this case for trial on stipulated facts which were filed on August 23, 2000. After the submission of the stipulated facts, the parties presented briefs and oral argument was heard on January 24, 2001. The matter is now ripe for decision.

## BACKGROUND

Plaintiff maintains that he has established all of the elements of his prima facie case to avoid a transfer of the security interest in the vehicle as preferential and to preserve the lien for the benefit of the estate.

Defendant contends that Plaintiff has failed to establish that the transfer occurred on account of an antecedent debt and that at least one of two affirmative defenses to a preferential transfer apply, either the enabling loan defense contained in 11 U.S.C. § 547(c)(3)[1] or the contemporaneous exchange defense provided in § 547(c)(1). For the reasons that follow, this court concludes that Defendant has established the elements of an affirmative defense under § 547(c)(1).

## FACTS

On March 4, 1995, Debtor leased the vehicle from John & Phil's Toyota (Dealer) who then assigned the lease to Defendant. Defendant was noted as lessor on the vehicle's title; Debtor was noted as lessee. The lease contained an option allowing Debtor to purchase the vehicle at the end of the lease. As the lease was ending, Debtor elected to exercise that option.

In order to accomplish the purchase, a number of events took place. On February 2, 1999, Debtor transferred his interest, as lessee, to Dealer. He also executed a purchase order, a credit application and a retail installment contract (which gave Dealer a security interest in the vehicle). Monthly payments on the vehicle were fixed at $352.25 to begin March 5, 1999. Dealer transferred its interest in the vehicle to Debtor and Debtor executed an application for title and registration noting Defendant as security interest holder.[2] Debtor also executed an authorization for Dealer to pay off Defendant under the lease's purchase option. The next day (February 3, 1999) Dealer assigned its rights in the retail installment contract to Defendant. Dealer executed a check for the payoff amount which Defendant received sometime after February 3, 1999. On February 10, 1999, Defendant released its interest as lessor and sent the title back to Dealer. On February 16, 1999, Dealer delivered the title to the Oregon Department of Motor Vehicles (DMV) along with the executed application for title and registration. DMV date-stamped the applica-

---

1. All statutory references are to the Bankruptcy Code, Title 11 United States Code unless otherwise indicated.

2. The parties contemplated that the retail installment contract would be assigned to Defendant.

tion that day. The title, as subsequently issued, notes Debtor as an owner and Defendant as the security interest holder.

Debtor filed his Chapter 7 petition, herein, on February 25, 1999. Debtor has had possession of the vehicle continuously, commencing March 4, 1995. The parties have stipulated that Debtor made all of the monthly payments, due under the retail installment contract, to Defendant, through at least April, 2000.

## DISCUSSION

The contemporaneous exchange defense must be distinguished from the enabling loan defense.

### Enabling Loan Defense:

Section 547(c)(3) provides:

The trustee may not avoid under this section a transfer—

> that creates a security interest in property acquired by the debtor—
>
> (A) to the extent such security interest secures new value [3] that was—
>
> (i) given at or after the signing of a security agreement that contains a description of such property as collateral;
>
> (ii) given by or on behalf of the secured party under such agreement;
>
> (iii) given to enable the debtor to acquire such property; and
>
> (iv) in fact used by the debtor to acquire such property; and
>
> (B) that is perfected on or before 20 days after the debtor receives possession of such property.

In order for the defense to apply here, new value must have been given to enable Debtor to acquire the vehicle and that new value must, in fact, have been used by Debtor to acquire the vehicle. Of particular interest concerning this issue is a recent decision arising out of this District, *Sticka v. U–Lane–O Credit Union, (In re McKay)*, Adv. No. 98–6055–fra (Bankr.D.Or. February 1, 1999) (Alley, J.) (unpublished). There, the debtor had purchased a vehicle in 1996. Key Bank held a duly perfected security interest in the vehicle to secure the purchase price. In June, 1997, the debtor made an application with U–Lane–O Credit Union to refinance the vehicle. It appears that the refinance was completed between June 18 and June 26, 1997 when U–Lane–O sent Key Bank the necessary sums to pay off the original loan. Perfection of U–Lane–O's security interest did not occur, however, until July 23, 1997, about a month later. The court held that the transaction was not an enabling loan since the loan was not given to enable the debtor to acquire the vehicle, rather, it was used to satisfy a preexisting loan.

Likewise, the transaction described in the stipulated facts does not fit within the definition of an enabling loan. Here, new value was given by Dealer (the lease was paid off) but that new value was not given to enable Debtor to acquire the vehicle, as he had had possession of it since March of 1995 (as Plaintiff vigorously maintains). The transaction described here is analogous to the refinancing situation which the court confronted in *U–Lane–O*. As such, the enabling loan defense is not available.

### Contemporaneous Exchange Defense:

Section 547(c)(1) provides:

---

**3.** Under § 547(a)(2):

> "[N]ew value" means money or money's worth in goods, services, or new credit, or release by a transferee of property previously transferred to such transferee in a trans-

action that is neither void nor voidable by the debtor or the trustee under any applicable law, including proceeds of such property, but does not include an obligation substituted for an existing obligation.

The trustee may not avoid under this section a transfer—

> to the extent that such transfer was—
> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
> (B) in fact a substantially contemporaneous exchange.

■ Plaintiff contends that the contemporaneous exchange defense is not available.[4] First, Plaintiff notes that Defendant failed to plead this particular defense as required by Fed.R.Bankr.P. 7008. He concedes, however, that Fed.R.Civ.P. 15, made applicable by Fed.R.Bankr.P. 7015, allows for the amendment of pleadings and provides that such amendments shall be allowed freely when justice so requires.[5] Here, the contemporaneous exchange defense has been argued by Defendant and responded to by Plaintiff. The trial has been submitted on stipulated facts; Defendant has not attempted to interject any new facts into the case, merely additional legal argument to which Plaintiff has had ample opportunity to respond. Clearly, Plaintiff would not be prejudiced by allowing an amendment of the plead-

ings. Therefore, in the interest of justice, this court shall allow the amendment of the answer to conform to the stipulated facts and argument, and permit Defendant's assertion of the contemporaneous exchange defense.

■ Plaintiff next contends that the defense fails because Defendant failed to perfect its security interest within the time allowed in §§ 547(e)(2)(A). That section provides:

> For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
>> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time, *except as provided in subsection (c)(3)(B).* (emphasis added).

Plaintiff argues that the emphasized language, added by the 1994 Amendments to the Bankruptcy Code,[6] necessarily modifies the contemporaneous exchange defense with regard to the transfer of security interests. Thus, Defendant may not urge the contemporaneous exchange defense unless it perfected its security inter-

---

**4.** The enabling loan and contemporaneous exchange defenses are mutually exclusive. *In re Vance,* 721 F.2d 259 (9th Cir.1983). Because the court finds the enabling loan defense unavailable, assertion of the contemporaneous exchange defense is not foreclosed.

**5.** Fed.R.Civ.P. 15(b) provides:

> Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to

amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

**6.** *See,* Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 203, 108 Stat. 4106 (enacted on October 22, 1994, effective in cases commenced on or after the date of enactment).

est within 10 days after the transfer took effect. Plaintiff's argument is unavailing.

■ When interpreting a statute, courts are required to apply the statute according to its terms where the language is plain. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). The wording of § 547(e)(2) is clear that the statute is intended to define when a transfer is made.[7] This serves two purposes. It establishes the date of the transfer in order to determine whether or not a transfer occurred within the preferential period provided in § 547(b)(4)[8] and whether or not the transfer was on account of an antecedent debt as required in § 547(b)(2). Regarding the latter, if the debt and the effectiveness of the transfer are simultaneous, (and the transfer is subsequently perfected within 10 days), the transfer is not on account of an *antecedent* debt. *In re Loken*, 175 B.R. 56 (9th Cir. BAP (Or.) 1994). The subsection (c)(3)(B) exception referred to in § 547(e)(2)(A), merely eliminates any confusion, that for enabling loan transactions, a 20 day grace period (from possession to perfection) is given. There is no other mention in § 547(e), of the § 547(c) defenses.

The court in *U–Lane–O, supra,* (a post 1994 Amendment case) implicitly rejected Plaintiff's argument. There, the court adopted the test set out in *In re Marino,* 193 B.R. 907 (9th Cir. BAP (C.D.Cal.) 1996), *aff'd,* 117 F.3d 1425 (9th Cir.1997) (TABLE). In *Marino,* the Bankruptcy Appellate Panel quoted the following with approval:

> The focus of the "in fact" prong of the [§ 547(c)(1) analysis] is obviously on the temporal proximity between the issuance of credit and transfer of assets to secure that credit. However, the modifier "substantial" makes clear that contemporaneity is a flexible concept which requires a case-by-case inquiry into all relevant circumstances (e.g., length of delay, reason for delay, nature of the transaction, intentions of the parties, possible risk of fraud) surrounding the allegedly preferential transfer.

*Id.* at 914 (quoting *Pine Top Insurance Co. v. Bank of America National Trust and Savings Assoc.,* 969 F.2d 321, 328 (7th Cir.1992) (footnote omitted)).

The court went on to say:

> While there will be litigation involving what is substantially contemporaneous in fact, a court need only look to the facts and circumstances of the case and determine whether the delay in perfection was reasonable. The concern over lack of an objective standard is illusory, given that facts and circumstances will differ with each particular case.

*Id.* at 915. Further, Plaintiff's argument was expressly rejected in *Roost v. U–*

---

7. Section 547(e)(2)(B) and (C) provide:

 For the purpose of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
 (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or
 (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of—
 (i) the commencement of the case; or
 (ii) 10 days after such transfer takes effect between the transferor and the transferee.

 *See also,* text of § 547(e)(2)(A) *supra.*

8. Section 547(b)(4) provides:

 Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
 (4) made—
 (A) on or within 90 days before the date of the filing of the petition; or
 (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider.

*Lane–O Credit Union, (In re Lockhart),* Adv. No. 00–6152–aer (Bankr.D.Or. Dec. 18, 2000) (unpublished letter opinion) (Brown, J.). The sound reasoning expressed in these two cases should not be departed from.

██ Finally, Plaintiff contends that even if the *Marino* "facts and circumstances" test applies, Defendant has not met its burden of proof. This court disagrees. The transaction was initiated with the execution of the retail installment contract on February 2, 1999. Perfection occurred on February 16, 1999, just 14 days later, which is far less than the month-long gap in *Sticka v. U–Lane–O, supra.* Based upon the complexity of this transaction, as described in the stipulated facts, it appears that, under the circumstances of this case, that any delay in perfection was reasonable. This court concludes that the transaction was intended to be contemporaneous and that it was substantially contemporaneous in fact.

### CONCLUSION

Due to the foregoing, this court concludes that Defendant has carried its burden to establish an affirmative defense to Plaintiff's avoidance powers as set forth in § 547(c)(1), hence, judgment should be entered in its favor. Accordingly, this court need not address the other issues raised by the parties. This opinion constitutes the court's findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052; they shall not be separately stated.